UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MELODY JOY BIRD,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

Case No. 1:20-cv-11919

Honorable Thomas L. Ludington
United States District Judge

Honorable Curtis Ivy, Jr.
United States Magistrate Judge

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER, (2) ADOPTING MAGISTRATE JUDGE'S ORDER, (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, (5) AFFIRMING COMMISSIONER'S ORDER, AND (6) DISMISSING COMPLAINT WITH PREJUDICE**

This matter is before this Court upon Plaintiff's objection, ECF No. 21, to the Magistrate Judge's Report and Recommendation (R&R), ECF No. 20. Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), this Court has reviewed *de novo* those portions of the R&R to which Plaintiff has objected. Because substantial evidence supports the ALJ's findings, Plaintiff's objection will be overruled, the R&R will be adopted, Plaintiff's Motion for Summary Judgment will be denied, Defendant's Motion for Summary Judgment will be granted, the Commissioner's decision will be affirmed, and the case will be dismissed.

**I.**

Plaintiff Melody Joy Bird brings this action under 42 U.S.C. § 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). ECF No. 1.

## A.

In April 2017, at the age of 32, Plaintiff was diagnosed with major depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder. ECF No. 13 at PageID.327–30. For several months before her diagnosis, she experienced anxiety, panic attacks, and other related symptoms as documented by records from her primary-care physician and local hospital. *Id.* at PageID.323–31, 375–77. At the time of her diagnosis, Plaintiff reported a significant history of trauma beginning as a child and escalating shortly before April 2017, when her daughter was diagnosed with cancer. *Id.* at PageID.327.

Six months after Plaintiff's diagnosis, she applied for DIB and SSI, alleging a disability onset date of July 18, 2017. *Id.* at PageID.72. According to the administrative record, Plaintiff last sought medical treatment in August 2018, for injuries from a domestic dispute. *Id.* at PageID.357.

After Plaintiff's application was denied in March 2018, she requested a hearing before an Administrative Law Judge (ALJ). *Id.* at PageID.178–79. In June 2019, ALJ Adam Dale held a hearing, during which Plaintiff and a vocational expert testified. *Id.* at PageID.97–123. One month later, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.* at PageID.72–81. Plaintiff sought review from the Appeals Council, which denied her request. *Id.* at PageID.63–67.

Plaintiff then brought this action under 28 U.S.C § 405(g), which was referred to Magistrate Judge Curtis Ivy, Jr. ECF Nos. 1; 3. The parties have since filed cross-motions for summary judgment. ECF Nos. 17; 18. In November 2021, Judge Ivy recommended that the Commissioner's decision be affirmed. ECF No. 20. Plaintiff has since filed a timely objection. ECF No. 21.

II.

A.

The Social Security regulations outline a five-step process that the ALJ must use to determine whether a claimant is disabled: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals any of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) if not, whether the claimant can perform her past relevant work in light of her residual functional capacity (RFC); and (5) if not, whether, based on the claimant's age, education, and work experience, she can perform other work found in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)–(v); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642–43 (6th Cir. 2006) (en banc).

The claimant bears the burden of producing sufficient evidence to prove that she is disabled and, thus, entitled to benefits. 20 C.F.R. § 404.1512(a). Specifically, the claimant has the burden of proof in steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). At step five, the burden shifts to the Commissioner to establish whether the claimant has the RFC to perform available work in the national economy. *Id.*

B.

Applying the five steps, the ALJ found that Plaintiff was not disabled under the Act during the relevant period. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 18, 2017, her alleged onset date. ECF No. 13 at PageID.74. At Step Two, the ALJ found that Plaintiff had the following severe impairments: post-traumatic stress disorder, generalized anxiety disorder, panic disorder with agoraphobia, and major depressive disorder. *Id.* at PageID.75–76. At Step Three, the ALJ determined that Plaintiff did not have an impairment or

combination of impairments that met or medically equaled the severity of one of the listed impairments. *Id.* at PageID.76–77. Between Steps Three and Four, the ALJ determined that Plaintiff had the RFC "to perform a full range of work at all exertional levels but with the following non exertional limitations: she can perform simple and routine tasks as well as make simple work related decisions." *Id.* at PageID.77. At Step Four, the ALJ determined that Plaintiff was unable to perform any past relevant work. *Id.* at PageID.79–80. Finally, at Step Five, the ALJ determined that Plaintiff could perform several jobs in the national economy, including machine feeder, cleaner, and packager. *Id.* at PageID.80–81.

Ultimately, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.* at PageID.81.

## C.

Judge Ivy reviewed the ALJ's decision under 42 U.S.C. § 405(g). ECF No. 20 at PageID.436–38. Section 405(g) provides, as relevant:

> The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Commissioner of Social Security or a decision is rendered . . . . the court shall review only the question of conformity with such regulations and the validity of such regulations.

42 U.S.C. § 405(g). Thus, when reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). According to the Supreme Court, "[s]ubstantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019); accord *Rogers*, 486 F.3d at 241.

In deciding whether substantial evidence supports the ALJ's decision, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."). Still, the substantial-evidence standard is not trivial. This Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Additionally, "a decision of the Commissioner will not be upheld [if] the SSA fails to follow its own regulations and [if] that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III.

### A.

Under Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If a party objects, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

Parties cannot "raise at the district court stage new arguments or issues that were not presented" before the magistrate judge's final report and recommendation. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing a report and recommendation *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th

Cir. 1981). After reviewing the evidence, this Court is free to accept, reject, or modify the magistrate judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

**B.**

In her sole objection to Judge Ivy's R&R, Plaintiff merely repeats the primary argument she made to Judge Ivy: the ALJ's decision was erroneous because he did not provide a "logical bridge" between the medical evidence and the RFC finding. *Compare* ECF No. 21 at PageID.445–46 (citing *Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 829 (E.D. Mich. 2017)), *with* ECF No. 17 at PageID.401 (same). Judge Ivy squarely addressed this argument in his R&R and found it without merit. ECF No. 20 at PageID.440–42 (discussing medical record and concluding that "the ALJ drew an accurate and logical bridge between the evidence and the RFC finding").

Still, Plaintiff maintains that Judge Ivy erred because he affirmed the ALJ's conclusion without explaining how the evidence supported it. ECF No. 21 at PageID.447. Absent that explanation, Plaintiff claims, this Court cannot "meaningfully review the case." *Id.*

Plaintiff's objection is unpersuasive. Both Judge Ivy and the ALJ thoroughly reviewed Plaintiff's medical history, which includes substantial evidence that only minimal non-exertional limitations are necessary:

> [O]ther than anxiety, dysthymic, fearfulness and tearfulness on occasion; generally mental status examinations both prior to and during the period under adjudication, show no significant findings. The claimant's mood was good or euthymic and her affect was full. She was in no acute distress. She was alert and oriented. She was well related. She was well dressed and well groomed. She had good eye contact. She had normal speech. She had normal psychomotor. There was no paranoia. There were no hallucinations or delusions. Her cognition was normal. She was attentive. Her thought process was not impaired. Her thought content was not impaired. She had a linea[r] thought process and good memory. She had good attention, good insight and good judgment. Additionally, there was no suicidal or homicidal ideation (B2F/2, 4, 6, 13; B5F/2, 4, 9; B6F/2, 4-6). Furthermore, the claimant generally denied any medication side effects (B2 F/1, 3, 5; B5F/1; B6F/6).

ECF No. 13 at PageID.79.

One hardly needs a bridge to cross from evidence of a claimant's "[unimpaired] thought process," "normal [cognition]," "good attention, good insight[,] and good judgement" to the conclusion that the claimant can "perform simple and routine tasks as well as make simple work-related decisions." *Id.* at PageID.79. The only bridge one *might* need is the word "because."

Furthermore, this case is distinguishable from *Gross*. There, Magistrate Judge Anthony Patti reversed the ALJ because her opaque citations made it "unclear on what [she] based her ultimate RFC conclusion." *See Gross*, 247 F. Supp. 3d at 830 ("For example, what effect does an EMG study finding 'mild right-sided C7 radiculopathy and mild right-sided L5 and S1 radiculopathy' have on Plaintiff's ability to lift or carry 'articles like docket files, ledgers, and small tools,' or to perform occasional overhead reaching?"). The ALJ in *Gross* also improperly relied on her own medical experience, at one point asking the claimant to stand during the hearing so she could "'look at her legs' in order to 'see if they [were] swollen.'" *Id.*

This case does not involve any opaque citations or improper roleplaying. Rather, this case involves a common-sense judgment well within the ALJ's ken: whether a claimant with admittedly normal cognitive functions can perform "simple and routine tasks." *cf. id.* ("Nor is this a case where the medical evidence shows relatively little physical impairment, such that the ALJ can make a commonsense judgment about Plaintiff's functional capacity."); ECF No. 13 at PageID.79. Plaintiff might disagree with the ALJ's answer, but there is no reason to believe it lacked substantial evidence.

Because the ALJ's RFC finding is supported by substantial evidence, Plaintiff's objection will be overruled, and the Commissioner's decision will be affirmed.

- 8 -

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Objection, ECF No. 21, is **OVERRULED**.

Further, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 20, is **ADOPTED**.

Further, it is **ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 17, is **DENIED**.

Further, it is **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 18, is **GRANTED**.

Further, it is **ORDERED** that the Commissioner's final decision is **AFFIRMED**.

Further, it is **ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE**

Dated: March 22, 2022                              s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge